IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION

No. 1:09-CR-90

United States of America

v.

Damian Louis Thibodeaux

Defendant

Report and Recommendation of United States Magistrate Judge
Re: Defendant's Motion to Substitute Counsel

This case is assigned to Hon. Marcia A. Crone. Defendant's "Motion to Substitute Counselor" is referred to the undersigned for consideration and hearing and a recommended disposition.

Proceedings

Bernard Shealy, Esq., Assistant Federal Public Defender, is defendant's appointed counsel. He successfully represented defendant at a contested detention hearing on June 22, 2009 , and defendant was released on conditions of release. Subsequently, defendant and Mr. Shealy negotiated a plea bargain agreement with the prosecutor. Pursuant to that agreement, defendant appeared with counsel before Judge Crone on October 8, 2009, and pleaded guilty to Count 2 of the Indictment, a violation of 18 U.S.C. § 922(g)(1), felon in

possession of firearm.[1] Judge Crone accepted the plea agreement and defendant's guilty plea. Defendant was convicted on Count 2, but has not yet been sentenced.

## Motion to Substitute

On October 28, 2009, defendant filed the instant *pro se* motion requesting substitute counsel. The motion asserts several broad grounds, but at an evidentiary hearing on November 16, 2009, defendant summed them up by stating that he wants to replace Mr. Shealy because he and his wife both feel that Mr Shealy is not representing him vigorously. When asked for specific instances of lackadaisical representation, defendant was able to point out only two. First, defendant complains that at the outset of the case, Mr. Shealy advised him to consent to detention rather than oppose the prosecutor's motion. Second, defendant believes that Mr. Shealy did not fight for him during the plea bargain process by nailing down a specific, agreed sentence. On this point, defendant states that most of the people who he's talked to have negotiated the specific sentence that will be imposed in their plea agreements.

## Discussion

Irrespective of Mr. Shealy's initial recommendation regarding the prosecutor's detention motion, he respected defendant's desire to oppose the motion, and then capably represented defendant at the hearing. As a result, the prosecutor's motion was denied, and defendant was released pending trial. With respect to the plea bargain agreement, defendant is mistaken in believing that most agreements call for a specific, guaranteed sentence. Rather, as here, most

---

[1] At the guilty plea colloquy, defendant was represented by another assistant federal public defender, Gary Bonneaux, Esq.

plea agreements accepted in this federal court recite that the sentence will be determined in the sole discretion of the court, that federal sentencing guidelines are advisory, and that no one can predict with certainty the outcome of the court's consideration of the guidelines in this case. Docket No. 35, ¶4.

## Conclusion and Recommendation

While defendant's subjective concerns are sincere and even understandable, there is no evidence of inadequate or inattentive legal representation by Mr. Shealy. Consequently, defendant's *pro se* "Motion to Substitute Counselor" (Docket No. 36) should be denied.

## Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglas v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this __17__ day of November, 2009.

_____
Earl S. Hines
United States Magistrate Judge